## CORNELIUS SHELPMAN'S [1] LESSEE v. JAMES COULTER.

Supreme Court. October, 1796.

*Wilson's Red Book, 150.*[*]

---

[1] In the account of this case in *Bayard*, the name is spelled, "Sheltman."

[*] This case is also reported in *Bayard's Notebook, 156.*

*Miller* and *Wilson* for defendant. *Bayard* and *Ridgely* for plaintiff.

Defendant's counsel moved for a nonsuit. First, because lessor of plaintiff had no title when the demise was made, *viz.* January 3, 1794. By the will his estate could not commence till the money was paid, *viz,* "on their paying" etc.; the payment was not made until March 12, 1794, 2 Esp.N.P. 152. · Secondly, there is no possession proved either actual or constructive, 2 Esp.N.P. 134, 135, 148, 2 Bac.Abr. 172. No possession within twenty years, 2 Body Laws 280, 3 Bac.Abr. 515, Cowp. 215.

PER CURIAM. READ, C. J. If you choose to rely upon a deficiency of plaintiff's title, demur to the evidence. If plaintiff had shown no title at all in himself, we might have received the motion, but not where there is only a doubt and deficiency.

Defendant proved the divisional line between his predecessors and those of plaintiff at a place entirely different from the course and distance in all the deeds and contended the line was well established by such evidence for parol evidence may be given of anything omitted by mistake or fraud. 1 Pow.Con. 432, Dall. 426, 3 Term 475, 2 Wils. 344, 2 Atk. 99. That plaintiff was a joint tenant and could not sue alone. 1 Com.Dig. 15, 4 Com.Dig. 74, 2 Bac.Abr. 175.

Plaintiff's counsel said one joint tenant might make a lease and therefore could bring ejectment and cited also 2 Esp.N.P. 157 and 9 Vin.Abr. 330, 1 Bac.Abr. 15.

PER CURIAM. READ, C. J. In plaintiff's title it is true no deed is shown from Hugh to John Stevenson yet the possession cures this defect. Jacob Shelpman devises a joint tenancy to Cornelius and William Shelpman and the operation of this estate is different from others as there is a survivorship. He charges this estate with a legacy of £8 to his daughter Margaret, and, if not paid when she was twenty-one, then she was to have fifteen acres. The Court will say on this subject they think the estate vested in devisee before payment to the legatee. Then comes the principal and important legal question of the joint-tenancy, that the two devisees should join in the demise, whereas William did not release till March 12. The question is whether on the third of January, 1794, the lessor of plaintiff had a title. A man must sue

in the way the law requires, and we do conceive and are sorry we must say so, that this action is not rightly brought, for William Shelpman should have joined with him in the lease, and therefore this action cannot be supported. Having observed then on this subject, we proceed to observe that the cases (Pow.Con. 432, 294, 428, 299, Dall. 426) as to the admission of parol evidence to prove the mistake in the lines do not apply, because there is no proof of mistake made by the witnesses to the original agreement.

Verdict for plaintiff and motion for new trial.